JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DARREN McKENNA

### DEFENDANTS
WALTER CHRISTOPHER CRAWFORD
CAROLYNN JENNIFER CRAWFORD dba 5C QUICK MART

**(b)** County of Residence of First Listed Plaintiff: Multnomah
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Multnomah
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Scott T. Cliff, THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW Beveland Road, Suite 213, Portland, OR 97223

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 201 et seq.

Brief description of cause:
Wage claim for unpaid minimum wages and overtime pay, plus liquidated damages, penalties and attorneys' fees

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 124,501.66

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 03/21/2017
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

SCOTT T. CLIFF
THE LAW OFFICE OF SCOTT T. CLIFF
7307 SW Beveland Road, Suite 213
Portland, OR  97223
Tel: 503-922-2071
Fax: 503-971-338-4449
Email: scott@scottcliff.com

Trial Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DARREN McKENNA**, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | Violation of the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 *et seq*, |
| **WALTER CHRISTOPHER CRAWFORD and CAROLYNN JENNIFER CRAWFORD,** doing business as **5C QUICK MART,** | Oregon Minimum Wage, ORS 653.025 and OAR 839-020-0010 |
| | Overtime Pay, ORS 653.261(1), ORS 653.055 and OAR 839-020-0030 |
| Defendants. | Penalty Wages, ORS 652.150 |

### NATURE OF THE ACTION

1.	This is an action for unpaid minimum wages under the Fair Labor Standards Act, 29 U.S.C. § 206.

2.	It is also an action under Oregon state law to recover unpaid wages, compensation and related penalties and damages pursuant to ORS Chapters 652 and 653.

**JURISDICTION AND VENUE**

3. This court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331.

4. The court has jurisdiction over plaintiffs' state law claims set forth in this Complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5. The actions alleged herein were committed in the District of Oregon.

**PARTIES**

6. Plaintiff **DARREN McKENNA** is a competent, adult residing at all times material hereto in Multnomah County, Oregon, who worked for Defendants from on or about September 2, 2015 until on or about October 13, 2016 and was, at all times material, an "Employee" as defined by ORS 652.310(2).

7. Defendants **WALTER CHRISTOPHER CRAWFORD** ("Chris Crawford") and **CAROLYNN JENNIFER CRAWFORD** ("Carolynn Crawford") are individuals residing in, and doing business in, Multnomah County, Oregon, under the registered assumed business name of **5C QUICK MART** (collectively "Defendants"). Defendants are employers under 29 U.S.C.§ 203(d), and ORS 652.310(1) for purposes of the claims alleged herein.

**FACTUAL ALLEGATIONS**

8. Plaintiff began working for Defendants on or about September 2, 2015, helping to set up and running, by himself, a convenience store ("the Store") located at 11905 NE Halsey Street in Portland.

9. When Plaintiff began his work and throughout his work for Defendants, Defendants assured Plaintiff that he would be given an ownership interest in the business at a future date in exchange for his long hours of work.

10. Despite the promise of eventual ownership, Plaintiff was never given a right to receive a share of profits of the business, did not participate in control of the business, did not agree to share losses of the business or liability for claims by third parties against the business, never contributed money or property to the business, and was not treated by Defendants as a partner in the business.

11. For the first three months of his employment, Plaintiff worked alone in the store, 16 hours per day, 7 days per week. Thereafter, he trained another employee to work alongside him, but continued to work the same schedule. It was not until sometime in March of 2016 that he was able to start taking weekends off. Thus, for the first six months of his employment, Plaintiff worked 16 hours a day, every day, except Thanksgiving and Christmas.

12. The latter half of his employment, Plaintiff consistently worked 64.25 hours per week (6:45 AM - 10:30 PM, Mon. - Tues. and 6:45 AM - 7:00 PM Wed. - Fri.) and was not paid for any such work.

13. On or about October 13, 2016, Plaintiff confronted Defendants about still not being given his promised ownership interest in the Business and not having been paid for the many long hours he had worked for the Business for over a year. When Defendants denied him any ownership interest and refused to pay him, Plaintiff quit his employment that day.

14. By and though a letter from his counsel on November 4, 2016, Plaintiff made written demand for payment of all wages owed.

15. Despite receiving Plaintiff's written demand, Defendants have willfully withheld wages from Plaintiff.

### FIRST CLAIM FOR RELIEF

(Minimum Wage - 29 U.S.C. § 206 & ORS 653.025, ORS 653.055 and OAR 839-020-0010)

16. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 15 as though fully set forth herein.

17. At all relevant times the Business operated by Defendants received annual revenues in excess of $500,000 per year. Defendants are therefore subject to the minimum wage and overtime pay requirements of the FLSA, 29 U.S.C. § 206.

18. Plaintiff worked a total of 5,175 hours for Defendants and, while subject to the FLSA, was entitled to be paid more than the FLSA Minimum, pursuant to Oregon's minimum wage law requiring payment of at least $9.25 per hour through June 1, 2016 and $9.75 from July 1, 2016 through October 13, 2016, per ORS 653.025 as amended, for total amount of straight time pay in the amount of $48,051.87.

19. Defendant is entitled to recover his attorneys' fees and costs herein, pursuant to ORS 652.200 and ORS 653.055, along with prejudgment interest at the rate of 9.0% pursuant to ORS 82.010(1).

## SECOND CLAIM FOR RELIEF

(Overtime Pay - 29 U.S.C. § 207, ORS 653.261(1) & ORS 653.055)

20. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 19 as though fully set forth herein.

21. Defendants have violated Sections 7 of the FLSA, 29 U.S.C. §§ 207, by employing Defendant in an enterprise engaged in commerce for workweeks longer than 40 hours without compensating Plaintiff for all his hours worked in excess of 40 hours at a rate equal to at least one and one-half times the applicable minimum wage at which they were employed.

22. In addition to his earned straight time pay at the applicable Oregon minimum wage rates, Plaintiff is entitled, pursuant to ORS 653.261(1) and to overtime pay equal to half such rates for all ours worked over 40 per workweek, in the amount of $13,028.91, or such sum as may be established at trial, together with his attorneys' fees and costs, pursuant to ORS 652.200.

## THIRD CLAIM FOR RELIEF

(FLSA Liquidated Damages - 29 U.S.C. § 216)

23. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 22 as though fully set forth herein.

24. Defendants have violated Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207, 215(a)(2), by employing Plaintiff in an enterprise engaged in commerce for workweeks longer than 40 hours without compensating Plaintiff for all hours worked in excess of 40 hours in such workweeks at rates not less than one and one-half the regular rates at which they were employed.

25. Pursuant to Section 216 of the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover from Defendants the sum of $61,080.87 as liquidated damages, along with his attorneys' fees and costs.

### FOURTH CLAIM FOR RELIEF

(Penalty Wages—ORS 652.150)

26. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 25 as though fully set forth herein.

27. Despite receiving Plaintiff's written demand for his wages. Defendants have willfully withheld all wages from Plaintiff.

28. Pursuant to ORS 652.150, Plaintiff is entitled to penalty wages in the amount of $2,340, together with his Attorneys' fees and costs herein, pursuant to ORS 652.200.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the court assume jurisdiction of this cause and enter judgment as follows:

1. On Plaintiff's First Claim, in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $48,051.88 or such other sum as may be established, together with his costs and attorneys' fees;

2. On Plaintiff's Second Claim, in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $13,028.91or such other sum as may be established, together with his costs and attorneys' fees;

3. On Plaintiff's Third Claim, in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $$61,080.87or such other sum as may be established, together with his costs and attorneys' fees;

4. On Plaintiff's Fourth Claim, in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $2,340 or such other sum as may be established, together with his costs and attorneys' fees; and

5. Such other relief as the court deems just and appropriate.

DATED this 21st day of March, 2017.

THE LAW OFFICE OF SCOTT T. CLIFF

s/ Scott T. Cliff
Scott T. Cliff, OSB # 871918
503-922-2071
Trial Attorney for Defendants